# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ERNEST BRAXTON DIGGS, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTOPHER GORDEY, Warden of )<br>Limestone Correctional Facility, )<br>)<br>Respondent, ) | Civil Action Number:<br>5:15-cv-1177-JHH-JEO |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Ernest Braxton Diggs, Jr., is an Alabama state prisoner acting *pro se*. He is confined at the Limestone Correctional Facility in Harvest, Alabama. (Doc. 5 ¶ 1). He filed this action seeking a writ of habeas corpus, nominally pursuant to the general habeas statute, 28 U.S.C. § 2241. (Doc. 1). On July 31, 2014, Diggs filed an amended habeas petition, also purportedly under § 2241. (Doc. 5). On August 3, 2015, the magistrate judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b)(1) finding that, because Diggs is challenging the validity of convictions for burglary, rape, sexual abuse, kidnaping, and sodomy entered in the Circuit Court of Mobile County, Alabama, this action is due to be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 2241(d). (Doc.

6). Diggs has now filed objections to the magistrate judge's report and recommendation. (Doc. 7).

> Section § 2241(d) provides:
>
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Here, the magistrate judge found that Diggs is "a person in custody under the judgment and sentence of a State court" for purposes of the above statute. In particular, he determined that Diggs is being held pursuant to a judgment and sentence entered by the Circuit Court of Mobile County, Alabama, upon convictions listed previously. (*See* Doc. 6; *see also* Doc. 5, ¶¶ 3, 4, 7). Diggs now argues in his objections that he is not, in fact, in custody under the judgment and sentence of a state court because, he says, "the purported judgment orders, upon which the Respondent Christopher Gordy, Warden's authority derives, was pronounced by a court without jurisdiction." (Doc. 7 ¶ 1). "Because the said purported judgment orders are void," Diggs says, "they are complete nullities, and

therefore, do not legally exist." (*Id.*) As it relates to this court's authority to transfer the action under § 2241(d), these arguments are frivolous. While Diggs's habeas petition attacks the judgment embodying his convictions and sentences as having been entered by a state court "without jurisdiction" or as being otherwise "void," he is still plainly "in custody under the judgment and sentence of a state court" for purposes of § 2241(d). That is, although Diggs contests the *legal validity* of the state-court judgment, that judgment still constitutes the State of Alabama's *legal authority* and *justification* "under" which he is being held in custody against his will. *See Walden v. State of Florida Corp.*, 2010 WL 3943726, at *2 n. 2 (N.D. Fla. Sept. 22, 2010) (where prison inmate claimed that state court lacked jurisdiction to convict and sentence him, habeas petition filed in the district of confinement would be subject to transfer to the district of conviction pursuant to § 2241(d)), *report and recommendation adopted*, 2010 WL 3942745 (N.D. Fla. Oct. 6, 2010); *cf. Hammonds v. Estes*, 2014 WL 948493, at *3 (N.D. Ala. Mar. 11, 2014) (while habeas petitioner claimed that state court lacked jurisdiction to convict and sentence him, and despite invoking 28 U.S.C. § 2241 as the basis for his habeas application, petitioner was "in custody pursuant to the judgment of a state court" for purposes of 28 U.S.C. § 2254). Indeed, Diggs effectively acknowledges as much. (*See* Doc. 6, ¶ 1 (recognizing that the

Respondent Warden's "authority" to hold Diggs "derives" from "the purported judgment orders" of the Mobile Circuit court).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Diggs's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.  Diggs's objections are **OVERRULED**.  As a result, this action is hereby **TRANSFERRED** to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 2241(d).[1]  After effecting such transfer, the Clerk is **DIRECTED** to close the file in this court.

**DONE** this the   19th   day of August, 2015.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although Diggs insists that the instant action was filed only pursuant to 28 U.S.C. § 2241, because he is an Alabama state prisoner, it appears that his habeas petition is nonetheless subject to the procedural limitations and requirements of 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1060–61 (11th Cir. 2003).  The court would note, however, that it has not formally advised Diggs that his application will be treated as one under § 2254 or warned him of the potential ramifications of any such recharacterization.  *See generally Castro v. United States*, 540 U.S. 375 (2003); 28 U.S.C. § 2244(b).