**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**


ERNEST BRAXTON DIGGS, JR.,  :
AIS 204578,

           :

  Petitioner,

           :

vs.             CA 15-0442-CG-C

           :

CHRISTOPHER GORDEY, Warden of
Limestone Correctional Facility,  :

  Respondent.


**<u>REPORT AND RECOMMENDATION</u>**

   Ernest Braxton Diggs, Jr., a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 5.) In the petition, Diggs challenges convictions for burglary, rape, sexual abuse, kidnapping, and sodomy, and the resulting sentences, entered against him in (or around) April of 1999 by the Circuit Court of Mobile County. (*See id.* at 3.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) (effective August 1, 2015). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

**<u>DISCUSSION</u>**

   For various reasons articulated in his habeas corpus petition, Diggs claims that the state trial court lacked jurisdiction to try him on the charges that resulted in his convictions in April 1999 for at least one count, up to numerous counts, of burglary, rape, sexual abuse, kidnapping, and sodomy. (Doc. 5, at 2-10.) Because Diggs attacks the

constitutionality of his state convictions and sentences, and he is admittedly in custody pursuant to the judgment of an Alabama court, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241 (*see* Doc. 5, at ¶ 5). *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005); *Medberry v. Crosby,* 351 F.3d 1049, 1054 (11th Cir. 2003) ("[W]e . . . hold that[] although Appellant's petition is authorized by § 2241, it also is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied,* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004). Stated somewhat differently, "[w]hen a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition for a writ of habeas corpus is governed by both § 2241 ***and the restrictions set forth in § 2254.***"[1] *Morales v. Florida Dept. of Corrections,* 346 Fed.Appx. 539, 540 (11th Cir. Sept. 29, 2009) (emphasis

---

[1]       This Court need not advise Diggs of the ramifications of applying the restrictions set forth in § 2254 to his self-designated § 2241 petition (*cf.* Doc. 8, at 4 n.1 ("The [Northern District of Alabama] would note . . . that it has not formally advised Diggs that his application will be treated as one under § 2254 or warned him of the potential ramifications of any such recharacterization.")) inasmuch as this is not Diggs first federal collateral attack on the above-identified state convictions and sentences, *see Castro v. United States,* 540 U.S. 375, 383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a ***first*** § 2255 motion[,] . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, [and] warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions[.]" (some emphasis supplied)); *Lovett v. Warden, FCC Coleman-USP I,* 368 Fed.Appx. 74, 77 (11th Cir. Mar. 2, 2010) ("[W]hen a district court recharacterizes a motion as a ***first*** § 2255, it first is required to give the defendant certain warnings and the opportunity to add claims and arguments, including those applicable to the timeliness of a § 2255 motion." (emphasis supplied)), or even his second; instead, this petition represents Diggs' third collateral attack on his convictions and sentences, and petitioner is well aware of the ramifications of § 2254's restrictions, his second § 2254 petition filed in this Court on or about February 1, 2013 having been dismissed—on September 23, 2013—due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A), *see Diggs v. Estes,* CA 13-0052-CG-M, Docs. 1, 25 & 27-28.

supplied; citing *Medberry, supra,* 351 F.3d at 1062), *cert. denied sub nom. Morales v. McNeil,* 562 U.S. 866, 131 S.Ct. 156, 178 L.Ed.2d 94 (2010).[2]

      Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305,

---

[2]      A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

173 L.Ed.2d 483 (2009); *Morales, supra*, 346 Fed.Appx. at 540 ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The records retained by this Court indicate that Diggs has filed two previous habeas petitions, pursuant to the provisions of 28 U.S.C. § 2254, challenging the same convictions and sentences he challenges in the instant petition. *Compare Diggs v. Mitchem*, CA 03-0104-BH-M *with Diggs v. Estes*, CA 13-0052-CG-M. In the first of those actions, filed in early 2003, this Court determined that Diggs' § 2254 petition was due to be denied because he procedurally defaulted on each of his claims for relief and failed to establish cause and prejudice (or a fundamental miscarriage of justice) excusing his procedural default(s).[3] *See Diggs v. Mitchem, supra,* at Docs. 12 & 14-15; *cf. id.,* at Docs. 23-24. Diggs' second habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 on or about February 1, 2013, was properly viewed as a successive habeas petition and

---

[3]      A district court's dismissal of a petitioner's first habeas petition based on procedural default, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir.) ("We . . . join the Second Circuit in holding that 'a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.'"), *cert. denied sub nom. Henderson v. Hill,* 546 U.S. 884, 126 S.Ct. 199, 163 L.Ed.2d 189 (2005); *Turner v. Artuz,* 262 F.3d 118, 123 (2d Cir.) ("The determination that claims . . . were procedurally defaulted qualifies as an adjudication on the merits. . . . We therefore conclude that Turner's subsequent § 2254 petition was '"second or successive" for purposes of the AEDPA' and 'require[s] authorization pursuant to . . . [§] 2244(b)(3)(A).'"), *cert. denied,* 534 U.S. 1031, 122 S.Ct. 569, 151 L.Ed.2d 442 (2001); *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) ("[B]ecause [petitioner's] initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 22[4]4(b)."); *Johnson v. State of Alabama,* 2013 WL 776251, *1 (M.D. Ala. Jan. 16, 2013) ("[D]ismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements.").

summarily dismissed for lack of jurisdiction due to Diggs' failure to obtain a precertification from the Eleventh Circuit authorizing this Court to consider a successive § 2254 petition for habeas relief. *See Diggs v. Estes, supra,* at Docs. 25 & 27-28.

In light of the foregoing, it is clear that the instant petition, initially filed in the United States District Court for the Northern District of Alabama on or about July 15, 2015 (*see* Doc. 1), is a successive petition, yet there is nothing to indicate that Diggs filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition or that he received such an order from a three judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive application for habeas relief. *Compare Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.") *with* 28 U.S.C. § 2244(b)(3)(B) & (C) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals. [] The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Diggs' request for relief, *compare Farris, supra,* 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second

habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997); *see Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) ("Because this undertaking would be [petitioner's] second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief."). Accordingly, this cause is due to be dismissed, without prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . .  the district court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[4]

---

[4]      The undersigned recommends that this Court dismiss without prejudice Diggs' present petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra,* 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under §  2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under §  2244(b)(3)(A). Also, we note that there are concerns relating to (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is

---

the application of the plain language in 28 U.S.C. §  2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

unquestionably a successive pleading and Diggs' first federal habeas petition was dismissed on the merits based on unexcused procedural defaults, while his second federal habeas petition was dismissed due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant third petition, without prejudice, for want of jurisdiction or that Diggs should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Ernest Braxton Diggs, Jr.'s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 but clearly subject to the

restrictions set forth in 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of September, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**